## COMMONWEALTH *vs.* FRANK GEARING.

A warrant in the hands of a deputy sheriff, purporting to have been issued by the tax collector and treasurer of a town, is *prima facie* evidence that it was duly issued by that officer.

INDICTMENT for·assault upon Seth Adams, a deputy sheriff of the county of Norfolk. The trial in the superior court was before *Wilkinson*, J., who signed a bill of exceptions, of which the following is the material portion.

" The evidence showed that said Adams had in his possession a warrant purporting to have issued from the tax collector and treasurer of Quincy. No evidence was before the jury to prove that said warrant was duly issued, or that Mr. Cummings, by whom the warrant was signed, was the treasurer or tax collector of Quincy. The defendant's counsel asked the court to rule, that the simple warrant in the hands of Mr. Adams, unsupported by other evidence, was insufficient to authorize Mr. Adams to act upon. But the court declined so to rule, but admitted the warrant as evidence, and allowed the case to go to the jury with evidence upon the other parts of the case. The jury found the defendant guilty."

No counsel appeared for the defendant.

*Foster*, A. G., for the Commonwealth, cited *The King* v. *Gordon*, 1 Leach (4th ed.) 515; *Berryman* v. *Wise*, 4 T. R. 366; *The King* v. *Hinckley*, 12 East, 362; *Doe* v. *Brawn*, 5 B. & Ald. 243; *Rex* v. *Howard*, 1 Moody & R. 187; *The Queen* v. *Vickery*, 12 Ad. & El. N. S. 484; *M'Gahey* v. *Alston*, 2 M. & W. 206; *Plumer* v. *Briscoe*, 11 Ad. & El. N. S. 46; *Bunbury* v *Matthews*, 1 Car. & Kirw. 382; *Regina* v. *Newton, Ib.* 480; *Willink* v. *Miles*, 1 Pet. C. C. 429; *Lowell* v. *Flint*, 20 Maine, 401; *State* v. *M'Nally*, 34 Maine, 219.

CHAPMAN, J. The legal presumption that persons who are acting as public officers are properly authorized to act, and that papers purporting to bear their official signatures are genuine, is well established by the numerous authorities cited on the

brief of the attorney general. It applies as well to a warrant in the hands of an officer and purporting to be signed by the tax collector and treasurer of a town, as to any of the decided cases. The court therefore ruled correctly that the possession of the warrant by Adams was sufficient without further proof.

*Exceptions overruled.*